IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LLOYD HUGHES,

        Plaintiff,                   CV F 06 0876 LJO WMW PC

        vs.                        ORDER GRANTING LEAVE TO
                                         FILE AN AMENDED COMPLAINT

MR. CLAYPOOL, et al.,

        Defendants.

      Plaintiff is a former state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint.  Plaintiff, formerly in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant Claypool and Yates, employees of the CDCR at Pleasant Valley State Prison.

      Plaintiff's  claim in the complaint is that on July 17, 2005, he was subjected sexual battery by Defendant Claypool.  The July 11, 2006, complaint states a claim for relief against Defendant Claypool.

      As to Defendant Warden Yates, liability may be imposed on supervisory defendants (such as Yates) under § 1983 only if (1) the supervisor personally participated in the deprivation of

1   constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.

2   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir.

3   1989).  Plaintiff has not alleged any facts indicating  that defendant Yates participated in, or

4   knew of and failed to prevent, the alleged wrongs.

5        The Court will provide Plaintiff an opportunity to file an amended complaint that corrects

6   the defects as to Defendant Yates.  Should Plaintiff fail to file an amended complaint, this action

7   will proceed against Defendant Claypool, and the Court will recommend that Defendant Yates be

8   dismissed.

9        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

17  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

18  complaint be complete in itself without reference to any prior pleading.  This is because, as a

19  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

20  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

21  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23       In accordance with the above, IT IS HEREBY ORDERED that:

24       1.  Plaintiff  is granted thirty days from the date of service of this order to file a

25  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

26

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   March 28, 2008**                     **/s/  William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE