IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LLOYD HUGHES,

    Plaintiff,　　　　　　　　　　CV F 06 0876 LJO WMW PC

    vs.　　　　　　　　　　　　　　FIINDINGS AND RECOMMENDATIONS

MR. CLAYPOOL, et al.,

    Defendants.

    Plaintiff is a former state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, formerly in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant Claypool and Yates, employees of the CDCR at Pleasant Valley State Prison.

    Plaintiff's claim in the complaint is that on July 17, 2005, he was subjected sexual battery by Defendant Claypool. The July 11, 2006, complaint states a claim for relief against Defendant Claypool.

    In an order entered on March 31, 2008, the court advised Plaintiff of the following. As to Defendant Warden Yates, liability may be imposed on supervisory defendants (such as Yates)

under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged any facts indicating that defendant Yates participated in, or knew of and failed to prevent, the alleged wrongs.

The provided Plaintiff an opportunity to file an amended complaint that corrects the defects as to Defendant Yates. Plaintiff was advised that should he fail to file an amended complaint, this action will proceed against Defendant Claypool, and the Court will recommend that Defendant Yates be dismissed. Plaintiff has not filed an amended complaint.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant Yates be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

1  there is some affirmative link or connection between a defendant's actions and the claimed
2  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
3  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
4      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.  This is because, as a
7  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
11     In accordance with the above, IT IS HEREBY ORDERED that:
12     1. Plaintiff is granted thirty days from the date of service of this order to file a
13 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
14 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
15 docket number assigned this case and must be labeled "First Amended Complaint."
16
17
18
19 IT IS SO ORDERED.
20 **Dated:   May 5, 2008**            /s/  **William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE