# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LLOYD HUGHES, | CASE NO. 1:06-cv-00876-LJO-YNP PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Doc. 20, 23) |
| CLAYPOOL, et al., | |
| Defendants. / | |

Plaintiff Anthony Lloyd Hughes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2009, Plaintiff filed a motion requesting that the Court order the California Department of Corrections and Rehabilitation ("CDCR") to furnish information regarding Defendant Claypool's known residences. (Doc. #20.) On September 29, 2009, Plaintiff filed a motion requesting the Court to enter default against Defendant. (Doc. #23.)

**A.    Motion to Furnish Service Information**

The U.S. Marshal was ordered by the Court to serve Defendant Claypool with a copy of Plaintiff's complaint. A summons was returned unexecuted by the U.S. Marshal, indicating that Claypool no longer worked at the facility identified by Plaintiff and that the "CDC locator" database only contained one person by the name of "Claypool." However, the person in the database was female and Plaintiff is suing a male by the name of Claypool. On March 3, 2009 Plaintiff filed a motion requesting that the Court order CDCR to produce all past and present known addresses from Defendant Claypool's personnel file.

1	It is unclear from the unexecuted summons whether CDCR has information regarding
2	Defendant Claypool's current residence. Accordingly, the Court will direct that the clerk forward
3	a copy of this order to the legal affairs division of CDCR. The Court requests that CDCR provide
4	any information they have regarding a "Mr. Claypool" who worked as a "correctional cook
5	supervisor" at Pleasant Valley State Prison on or around July 17, 2005, the date of the alleged
6	incident described in Plaintiff's complaint. (Compl. 9.) Specifically, the Court requests a current
7	or last known address for Claypool's dwelling or usual place of abode, or, if Claypool is still
8	employed by CDCR, an address for the institution where Claypool is currently employed and can
9	be served. Given the sensitive nature of the information being requested, Defendant Claypool's
10	home address should be forwarded to the Court under seal. If an address is provided, the Court will
11	order the U.S. Marshall to re-attempt service at that address. If an address is not provided, the Court
12	requests that CDCR furnish detailed information explaining why it is unable to provide a current
13	address for Mr. Claypool.

14	**B.     Motion for Default**

15	Plaintiff requests an entry of default against Defendant Claypool. Under Federal Rule of
16	Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has
17	failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must
18	enter the party's default."

19	"A federal court is without personal jurisdiction over a defendant unless the defendant has
20	been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.
21	1986) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)). Neither actual notice nor
22	simply naming a person in the caption of a complaint will subject a defendant to personal jurisdiction
23	if service is not made in substantial compliance with Rule 4. Jackson, 682 F.2d at 1347. If the Court
24	lacks personal jurisdiction over Defendant, Defendant cannot be bound by any judgment rendered
25	in this case and an entry of default judgment against Defendant would be void. Mason v. Genisco
26	Technology Corp., 960 F.2d 849, 851 (9th Cir. 1982) (citing Yniguez v. Arizona, 939 F.2d 727, 735
27	(9th Cir. 1991)). Since Defendant Claypool has not yet been properly served, the Court lacks
28	personal jurisdiction over him. Accordingly, the Court will deny Plaintiff's motion for entry of

default. See <u>Rice Corp. v. Grain Bd. of Iraq</u>, 582 F. Supp. 2d 1309, 1311-13 (E.D. Cal. 2008) (setting aside entry of default upon showing that Defendants were not properly served).

### III.    Conclusion and Order

The U.S. Marshal has attempted to effect service on Defendant Claypool using the information provided by Plaintiff. The summons was returned to the Court unexecuted, indicating that Defendant Claypool no longer worked at the facility identified by Plaintiff and that he could not be found in the "CDC locator" database. The Court will request that CDCR forward any information it has regarding Defendant Claypool's current or last known residence to the Court under seal to facilitate service of Plaintiff's complaint. However, because Defendant Claypool has not been properly served, the Court will deny Plaintiff's motion for entry of default.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to furnish service information, filed on March 3, 2009, is GRANTED;

2. The clerk is directed to forward a copy of this order to the legal affairs division of the California Department of Corrections and Rehabilitation;

3. The California Department of Corrections and Rehabilitation shall furnish to the Court either:

   a. Current or last known information for Defendant Claypool's dwelling or usual place of abode, or an address where Defendant Claypool may be served pursuant to Federal Rule of Civil Procedure 4. Such information shall be forwarded to the Court under seal; or

   b. If CDCR is unable or unwilling to provide such information, detailed information explaining why CDCR is unable or unwilling to provide such information;

4. Plaintiff's motion for entry of default, filed on September 29, 2009, is DENIED;

IT IS SO ORDERED.

**Dated:    February 10, 2010**               /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE