IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LLOYD HUGHS, | Case No. 1:06-cv-00876 LJO JLT (PC) |
| Plaintiff, | ORDER DENYING REQUEST FOR A STAY OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER |
| vs. | |
| J. CLAYPOOL, et al., | (Doc. 45) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 27, 2011, the parties filed a stipulation to stay this matter for ninety days so that the parties may pursue settlement discussions. (Doc. 45.) In the alternative, the parties request the discovery deadline (currently set for May 13, 2011) and the dispositive motion deadline (currently set for July 25, 2011) be extended by ninety days. (Id. at 2.)

District courts have the inherent power to stay proceedings; the power is "incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In this case, there is no showing that a ninety-day stay would advance the court's interest in an expeditious resolution of this case. To the contrary, the parties indicate little confidence in settlement efforts and state merely that "they may be able to reach an agreement." (Doc. 45 at 1) In the absence of facts showing that there is a substantial likelihood of settlement, the

1  parties have not demonstrated that settlement negotiations and compliance with the Court's
2  scheduling order are mutually exclusive.  Likewise, the parties have not shown that a stay would
3  advance the matter at all and, instead, it appears that a stay would merely delay the case.  Therefore,
4  the parties have not demonstrated that they will be prejudiced by a denial of the stay or requiring
5  them to move forward consistently with the case schedule.  See CMAX, Inc., v. Hall, 300 F.2d 265,
6  268 (9th Cir. 1962) (when considering a motion to stay, a court weighs the hardship of moving
7  forward, among other things).

8        Moreover, the parties have not demonstrated that modification of the scheduling order is
9  appropriate.  The Court may modify a scheduling order only for good cause shown.  Fed. R. Civ. P.
10  16(b)(4).  Good cause exists where the party seeking modification is able to show that despite the
11  exercise of due diligence, the party is unable to meet the deadlines set by the Court.  Johnson v.
12  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

13        Here, the parties have not show good cause to modify the discovery or dispositive motion
14  deadlines.  There is no indication that they will not be able to meet the discovery deadline or that the
15  parties expect that further discovery will be needed once the deadline expires.  As for the dispositive
16  motion deadline, it is not set to expire until July 25, 2011, almost three months from the date of this
17  order.  Thus, the parties' request as to extend this deadline is premature.  On the other hand, the
18  Court is mindful of the cost of litigation and encourages the preservation of resources, if possible.
19  However, it appears from the stipulation that the only outstanding discovery is Plaintiff's deposition
20  and that taking this deposition, it would seem, would facilitate, rather than hinder, settlement efforts.

21        Accordingly, for the reasons set forth above, it is **HEREBY ORDERED** that the parties'
22  April 27, 2011 stipulation to stay or, in the alternative, modify the scheduling order is **DENIED**
23  **WITHOUT PREJUDICE**.

25  IT IS SO ORDERED.

26  Dated:  **April 28, 2011**                                 **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE